**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

M.C.M.F. and M.F.V.M.,

Petitioners,

v. CASE NO.: 7:26-CV-276-LAG-ALS

Warden, IRWIN COUNTY DETENTION CENTER, et al.,

Respondents.

**ORDER**

The Court received Petitioners' amended application for habeas corpus relief under 28 U.S.C. § 2241 on September 18, 2026 (ECF No. 3) and ordered Respondents to file a Response under 28 U.S.C. § 2243 within twenty-one (21) days. (ECF No. 4). Respondents filed their Response on October 9, 2026. (ECF No. 5). Respondents assert that Petitioners are detained under section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a). (ECF No. 5 at 5). Respondents note that Petitioners had a bond hearing on September 4, 2026, where the Immigration Judge found that "**Petitioners had not met their burden of proving they were not flight risks**." (ECF No. 5 at 6) (emphasis added). Respondents acknowledge this Court's prior rulings[1] that a bond hearing under § 1226(a) regulations "may be insufficient unless the government bears the burden of proving dangerousness and flight risk by clear and convincing evidence[,]" and note that "**DHS cannot provide a modified burden-shifting hearing <u>absent a court order directing such relief</u> in an individual case**." *Id.* at n.1. (emphasis added)

---

[1] *See D.Y.E.H. v. Warden*, No. 7:25-cv-201, 2026 WL 1230386 (M.D. Ga. Apr. 6, 2026) under which the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. Any bond decision made must be individualized, meaning after and reflective of the consideration of all evidence provided.

The Court may apply Rule 4 of the Rules Governing § 2254 cases in this action. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which addresses petitions under 28 U.S.C. § 2254]."). Under Rule 4, if a petition is not dismissed on preliminary review, then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." § 2254 Rule 4. Applying Rule 4, the Court issues the following order:

Respondents in this action are hereby **ORDERED** to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. The bond hearing shall comport with all requirements of due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020) ("This Court joins the Ninth and Second Circuits as well as 'the overwhelming majority of district courts' that hold the Government must bear the burden of proof to justify a noncitizen's detention pending removal proceedings."). Once a bond hearing is provided, Petitioner will have received the remedy that the Court is authorized to order, and Petitioner should file a notice of dismissal.

**SO ORDERED**, this 20th day of November, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**